ATLAS LUMBER COMPANY, Appellant, v. STEICHEN,·
Respondent.

(211 N. W. 809.)

(File No. 5680.   Opinion filed January 28, 1927.)

**Appeal and Error—Principal and Agent—Ratification—Refusal of Instruction that Landowner, Knowingly Accepting Benefits of Tenant's Purchases, Is Liable for Price, Held Prejudicial Error Under Evidence.**

Refusal of instruction that landowner was liable for purchase price of lumber bought by tenant without actual authority, where, by making settlement with tenant with knowledge of all circumstances, accepting benefits of his purchases, landowner ratified his acts, held error prejudicial to lumber company in action against landowner, where evidence raised that issue.

Campbell, P. J., and Polley, J., dissenting.

Note.—See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 1067, 4 C. J. Sec. 3032, Principal and agent, Key-No. 194(3).

Appeal from Circuit Court, Brookings County; Hon. W. N. SKINNER, Judge.

Action by the Atlas Lumber Company against Clement Steichen. From a judgment for defendant and from an order over-ruling a motion for new trial, plaintiff appeals. Reversed and remanded.

*Culhane, Schaphorst & Austin,* of Minneapolis, Minn., and *Olaf Eidem,* of Sioux Falls, for Appellant.

*Hall & Purdy,* of Brookings, for Respondent.

GATES, J.  Defendant Steichen, a resident of Illinois, owns a farm in Kingsbury county. In July, 1918, Younger, his tenant, ordered from plaintiff lumber and material for building an addition to the house and a granary, and the account was charged to · Steichen. In December, 1918, Steichen came out to the farm, and, as claimed by him, for the first time learned of the erection of these improvements. Steichen settled with the tenant for the improvements by canceling a note due from the tenant to him and by giving tenant a note for $785 which was paid. Steichen claims to have made this settlement without knowledge that plaintiff was looking to him to pay the lumber bill.

The manager of the lumber company claims to have mailed statements of the account to Steichen before the settlement. It is undisputed that, with Steichen's consent, the tenant bought lumber and material from plaintiff for repairs on the place and for a fence during the years 1915, 1916, and 1917, which were charged to and paid by defendant. This action against Steichen is brought on the theory of ostensible agency and ratification. Judgment for defendant. New trial denied. Plaintiff appeals.

It appears that in April, 1919, plaintiff closed its book account against defendant and took the note of the tenant, secured by chattel mortgage, for the amount due. It is claimed by plaintiff that this was done without intention to release defendant, but in pursuance of the bookkeeping arrangements of the local office. The note given by the tenant also provided:

"It is hereby agreed that this note is not given, or accepted, as payment of said amount due said payee, and that neither the giving, nor accepting, of this note with or without security for its payment, shall be construed as a relinquishment or waiver of any right which said payee or its assigns, may or might have, to impose or enforce any statutory or other lien."

The testimony on behalf of plaintiff tended to show that, at the time of the settlement between defendant and the tenant, in December, 1918, the statement of account wherein the items were charged to defendant were examined by defendant before he made the settlement. It does not seem just and equitable to countenance defendant's settlement with the tenant if at that time he had knowledge that plaintiff was looking to him for the payment of the bill. No instruction to the jury upon this point was given, although the court refused to give the following instruction sought by the plaintiff:

"The court instructs the jury that, if it finds that Steichen did not authorize Younger to buy the material in question by actual authorization or by clothing him with apparent authorization on which the Atlas Lumber Company relied, you are instructed that, even though there was no such authorization given, the acts of Younger may have been ratified and adopted by Steichen, and you are instructed that, if you find that Steichen, with knowledge of all the circumstances, made a settlement with Younger and accepted the benefits of the purchases made by Younger from the Atlas

Lumber Company, and entered into a settlement with Younger based in whole or in part on the purchases made from the Atlas Lumber Company, then you are instructed that there has been a ratification of the acts of Younger by Steichen to the same effect as though Younger had been given previous authority to buy the material in question, and Steichen, in case of such ratification, would be liable for the purchase price of the material sold by the Atlas Lumber Company."

It seems to us that the proposed instruction, while not ideal, substantially covers the point above mentioned, and that its refusal was prejudicial error.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

CAMPBELL, P. J., dissents, being of the opinion that the evidence fails to show either actual or ostensible agency, and further that the evidence is entirely insufficient to justify the giving of plaintiff's requested instruction as to ratification, in that there is no sufficient evidence of knowledge on the part of defendant at the time ratification is claimed, and the evidence affirmatively shows that defendant did not then know that plaintiff was looking to him for payment, or making any claim against him.

POLLEY, J., concurs in the dissent.