ATLAS LUMBER CO., Appellant, v. STEICHEN, Respondent.

(220 N. W. 497.)

(File No. 5680.   Opinion filed July 14, 1928.)

For former opinion, see 51 S. D. 11, 211 N. W. 809.

*M. E. Culhane, B. H. Schaphorst,* and *F. C. Austin,* all of Brookings, and *Olaf Eidem,* of Sioux Falls, for Appellant.

*Hall & Purdy,* of Brookings, for Respondent.

BURCH, P. J.  This case is before us on rehearing.  The first opinion of this court is published in 51 S. D. 11, 211 N. W. 809. Therein the facts are stated as follows:

"Defendant Steichen, a resident of Illinois, owns a farm in Kingsbury county.  In July, 1918, Younger, his tenant, ordered from plaintiff lumber and material for building an addition to the house and a granary, and the account was charged to Steichen.  In December, 1918, Steichen came out to the farm, and as claimed by him, for the first time learned of the erection of these improvements.  Steichen settled with the tenant for the improvements by canceling a note due from the tenant to him and by giving tenant a note for $785 which was paid.  Steichen claims to have made this settlement without knowledge that plaintiff was looking to him to pay the lumber bill.  The manager of the lumber company claims to have mailed statements of the account to Steichen before

the settlement. It is undisputed that, with Steichen's consent, the tenant bought lumber and material from plaintiff for repairs on the place and for a fence during the years 1915, 1916, and 1917, which were charged to and paid by defendant. This action against Steichen is brought on the theory of ostensible agency and ratification."

In the former opinion we said:

"It does not seem just and equitable to countenance defendant's settlement with the tenant if at that time he had knowledge that plaintiff was looking to him for the payment of the bill."

We are now satisfied that we failed to give due effect to conduct subsequent to such settlement. At the time of the settlement between defendant and his tenant, defendant claims he did not know the bill has been charged to him and that plaintiff was looking to him for payment. As to defendant's knowledge, the evidence is very weak, but probably sufficient to go to the jury under proper instructions, but there could be no prejudicial error in refusing such instructions, if the subsequent conduct of the parties was such as to release Steichen. Younger testified that shortly after the settlement he went to plaintiff's office and informed its agent that he had made a settlement and that he was to pay plaintiff's bill, having received full payment from Steichen by the surrender of a note he owed Steichen and the receipt of Steichen's note to him for a balance due amounting to nearly $800. Plaintiff admits that it received full information of the settlement and its terms and that thereafter it took Younger's note for the bill and closed the account against Steichen. In this condition the account ran along for several years. Younger's note was twice renewed and the last time was secured by chattel mortgage. During this time Steichen paid his note to Younger in full. Not until more than four years after the settlement did plaintiff make an effort to force its claim against Steichen by suit, and it is not shown that during this time plaintiff ever informed Steichen that they would not accept Younger for the bill and release Steichen, although plaintiff knew that Steichen expected Younger to pay the bill; that he was owing Younger and would pay Younger under such understanding, unless advised that he would not be released by plaintiff. Under such circumstances plaintiff must be held to have assented to the settlement between Steichen and Younger

and to have agreed to accept Younger for the settlement of the bill. All plaintiff's transactions had been with Younger. There is no evidence of either an express or ostensible agency. If Steichen was ever bound, it was by ratifying the acts of Younger. The only evidence of ratification is the settlement with Younger by the terms of which Younger was to pay the bill. Following the settlement Younger fully disclosed the terms of the settlement and obtained plaintiff's assent thereto by conduct consistent with no other position than that of assent to the terms of such settlement. There is no evidence to support plaintiff's claim that the note was taken as collateral only, because under the circumstances of this case it was bound at the time of taking the note of Younger to disclose the character of the transaction, if other and different than what it appeared to be. Its secret intentions and convenience in bookkeeping could not avail plaintiff, where it assented to and became a party to the settlement.

The judgment and order appealed from are affirmed.

POLLEY, CAMPBELL, and BROWN, JJ., concur.

SHERWOOD, J., dissents and adheres to the original opinion.